ELEANOR J. GIANNETTI, PLAINTIFF-APPELLANT, v. FAITH FENWICK AND ANNA FENWICK, DEFENDANTS-RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Submitted February 5, 1979—Decided March 14, 1979.

Before Judges CONFORD, PRESSLER and KING.

*Mr. George Delmarmo,* attorney for appellant.

*Messrs. Friedman & D'Alessandro,* attorneys for respondents (*Mr. Alfred D. Dimiero* on the brief).

The opinion of the court was delivered by
KING, J. A. D. This appeal raises a novel question concerning the use of the deposition of a party-defendant who is unavailable for trial as evidence pursuant to *R.* 4:16–1.(c). Plaintiff Eleanor J. Giannetti and defendant Anna Fenwick were automobile operators involved in a routine two-car

controlled intersectional collision in Glen Ridge on December 1, 1973. The case finally came on for trial before Judge Bedford on January 30, 1978.

On the day of trial counsel for Reliance Insurance Company, the liability carrier on the Fenwick vehicle, requested a preliminary ruling on whether it could use the pretrial deposition of its insured as evidence before the jury. The trial judge quite appropriately took testimony which revealed the substantial efforts made by Reliance's trial counsel, as well as the carrier's in-house and specially retained independent investigators, to obtain Anna Fenwick's presence at trial. After hearing the testimony concerning the investigative efforts of the carrier's agents the judge concluded:

Well, as far as my findings of fact are concerned, I find that the defendant has made every reasonable effort and exercised reasonable diligence to procure the attendance of his client. I further find that the absence of the witness was not procured or caused by the offering party.

Obviously, the trial judge intended to state that the carrier and defense counsel made every reasonable effort to procure defendant's attendance and that her absence was not procured or caused by them. These factual findings are well supported by the record and are unassailable on appeal. *Rova Farms Resort v. Investors Ins. Co.*, 65 *N. J.* 474, 483–484 (1974).

The case proceeded to trial and resulted in a defendant's verdict on liability — the jury finding the plaintiff 60% negligent and the defendant Anna Fenwick 40% negligent. The case against the owner Faith Fenwick was dismissed on motion at the completion of the evidence, which dismissal is not challenged on this appeal. The jury's verdict was no doubt principally motivated by three factors: (1) plaintiff's entrance into the intersection was controlled by a stop sign; defendant's entrance was uncontrolled; (2) an eyewitness, Provost, offered testimony from which the jury could have readily inferred that plaintiff violated the stop sign, and (3) defendant driver's exculpatory deposition testimony.

Plaintiff now appeals, alleging that the trial judge erred in permitting the defense to use Anna Fenwick's deposition and seeks a new trial. We disagree and affirm.

The pertinent part of *R.* 4:16–1(c) states:

At the trial or upon hearing of a motion or an interlocutory proceeding, any part or all of a deposition, so far as admissible under the rules of evidence applied as though the witness were then present and testifying, may be used in accordance with any of the following provisions: * * * (c) The deposition of a witness, whether or not a party, may be used by any party for any purpose, against any other party who was present or represented at the taking of the deposition or who had reasonable notice thereof if the court finds that the appearance of the witness cannot be obtained because he is dead or is unable to attend or testify because of age, illness, infirmity or imprisonment, or is out of this state or because the party offering the deposition has been unable in the exercise of reasonable diligence to procure his attendance by subpoena, provided, however, that the absence of the witness was not procured or caused by the offering party. The deposition of an absent witness may also be so used if, upon application and notice, the court finds that such exceptional circumstances exist as to make such use desirable in the interest of justice and with due regard to the importance of present-. ing the testimony of witnesses orally in open court.

The rule is apparently derived verbatim from *F. R. C. P.* 32(a)(3),(E). The trial judge's ruling allowing the use of Anna Fenwick's deposition was articulated in the context of the first sentence of subsection (c) of *R.* 4:16–1. He specifically found that the witness was out of state, that she could not be compelled by the exercise of reasonable diligence to appear by subpoena, and that her absence was not procured or caused by the proponent, her insurance company. The offer of Anna Fenwick's testimony therefore conformed to the factual predicates of the first sentence of subsection (c), except that her insurance company was not in fact a party to the litigation; she herself, though unavailable, was technically the offering party. Unless we hold that the insurance company is in fact the offering party, the first sentence of subsection (c) provides a formidable constructional hurdle to the admissibility of the deposition there-

under. However, in view of the language of the second sentence of subsection (c) we do not find the initial sentence to control the resolution of this question.

The second sentence of subsection (c) states in pertinent part that:

The deposition of an absent witness may also be so used if * * * the court finds that such exceptional circumstances exist as to make such use desirable in the interest of justice and with due regard to the importance of presenting the testimony of witnesses orally in open court.

We perceive this case, as did the trial judge intuitively, to be just such an "exceptional circumstance" as the rule envisions. As the trial judge observed when ruling on the admissibility of the deposition, "maybe the issue is one of disclaimer."

Indeed, the certain alternative to the use of deposition of the unavailable insured would be a disclaimer of coverage by the carrier for a material breach of the cooperation clause of the standard automobile policy by non-appearance at trial. See *Kraynick v. Nationwide Ins. Co.,* 72 *N. J. Super.* 34 (App. Div. 1962); *Dougherty v. Hanover Ins. Co.,* 114 *N. J. Super.* 483 (Law Div. 1971). If the disclaimer for noncooperation were successful, legitimately entitled claimants would be limited to a recovery of the minimum amounts, $15,000/$30,000, provided by our Unsatisfied Claim and Judgment Fund Law, *N. J. S. A.* 39:6-69, assuming they were otherwise qualified to recover from the Fund, or nothing if they were not.

At the deposition of defendant driver, Fenwick, which was taken by plaintiff's trial counsel a year before trial, she was fully and carefully cross-examined on every aspect of the accident. The questioning was done exclusively by adverse counsel; her own attorney asked no questions. Our review of the deposition leaves us in no doubt that plaintiff's counsel could have asked nothing more of defendant which would have served to blunt or diminish the impact of her

testimony or defense. Although we fully realize that capable counsel may well question an adverse party differently for discovery purposes than at trial, the basic principle is still the same — to extract, or lay the foundation for, damaging evidence. We are satisfied there was no unfairness in the present procedure and that plaintiff's counsel received his full opportunity to discredit the defendant, if discredited she could be. And, after all, there is only so much one may inquire about in a routine intersectional collision.

The trial court was fully justified in permitting the use of the defendant's deposition at trial. As a result, the jury heard all of the pertinent evidence and reached a sound conclusion substantiated by the proofs. The alternatives of default, disclaimer, and policy litigation, and their concomitant uncertainties well justified the trial court's conclusion and constituted "such exceptional circumstances * * * as to make such use desirable in the interest of justice" within the meaning of R. 4:16–1(c). See Ross v. Lewin, 83 N. J. Super. 420 (App. Div. 1964), certif. den. 43 N. J. 258 (1964).

Affirmed.